Sidney Thompson Mr.. Sure did I pronounce it correct Shire Shire all right? May it please the court counsel My name is Charles Shire. I'm the attorney for the appellant Sidney Thompson In 2008 this court in the case United States v. Garcia Hesitated when they found probable cause for a search warrant in part because the supporting affidavits lacked much detail The affidavit before you today lacks even more than in the Garcia case and in fact It's so facially deficient that even the good faith exception cannot save it When you have a confidential informant as we did in this case the courts look to four factors One of those main factors that's relevant here is detail the amount of detail the confidential informant Basically said over the last 30 days. He was there multiple times the last time within 72 hours Now let me take that 72 hours because that gets thrown around a lot There is no 72 hour bright line rule, and I think that's relevant in this case because The confidential informant gave nothing on quantity. He simply said it was a quantity of an off-white rock Substance compare that to the Garcia case where he says also within 72 hours It's an off-white powdery substance, but it was packaged in a plastic bag now at least with the powder Cocaine There was some estimation for the issuing judge that there was enough to sort of fill a plastic bag That's some amount. That's some estimation but the Garcia affidavit was referred to by this court in the United States v. Sutton as a very low bar and in fact that the court said probable cause has been found by Detail and then used the Garcia affidavit as the example in the United States v. Sutton, but even in Garcia. There's some Estimation there that you have at least enough to fill up a bag here We have nothing and when you're dealing with rock cocaine at least you could give an estimate on pieces You know or maybe even size, but there's nothing on that now in order to find probable cause and kick down somebody's door There has to be some Probability that the contraband is going to be there. What if there was just one rock and If there's just one rock is there really a likelihood 72 hours later that it's still there Remember in this case the confidential informant says that Sidney Thompson is selling drugs from this location mind you he provides Absolutely, no detail as to oh, maybe a buyer or maybe Transactions or maybe money being exchanged or baggies or scales or or weapons anything that you might associate with a transaction Or selling drugs. He simply says there's a quantity of a rock substance. Well, what? Likelihood is there if the quantity is slight? Well, there was more than that though He said that but the officer included information Establishing the informant's credibility The fact that he had previously conducted the controlled buy of marijuana that had led to an arrest He corroborated some of the information that had been provided Such as the identification of Thompson from the photo away checked his criminal history Various things so there was more than that Yes, your honor and that's the best thing that the the government has going for it with regards to cooperation Yeah, the obviously the confidential informant knew who Sidney was he didn't know his last name But he referred to him as Sidney and knew where he lived That was pretty much important for the magistrate to take into account all those factors And then there have been a number of cases that talk about them within 72 hours and say it's fine That's correct. Your honor, but when everything else is deficient And in fact in the United States the Owens case they use the same language They use a quantity and and in fact this court even said well How are you supposed to know what that quantity is and if it is slight? What's the likelihood that it's still there and again? I go back to if it's slight in this case if it's just one rock Then what's the likelihood that that's rock is there and if he sold it? What's the likelihood that 20 bucks is still there and it's extremely low Not to mention that this kind of this affidavit is written Ambiguous at best with regards to who had possession of the drugs and who Represented the drugs to the informant as being in fact that Drugs and in fact the United States acknowledged on page 14 of their brief They admit that it's it's could have been written more clearly and in fact the the district court judge indicated that well The confidential informant was told that it was crack, and then judge shed it says presumably by Sidney Thompson Well the judge has to say presumably because in fact it is extremely unclear so while there is Corroboration the sense that Sidney Thompson lived at that address That's about it and with regards to the reliability this confidential informant did not testify In front of the issuing judge he provided two sort of background Instances one controlled by that was not cocaine And I think that's relevant because this confidential informant didn't say he knew that was cocaine via his own prior experiences he was told in USP Garcia all these independent Confidential informants claim that they knew it was cocaine or marijuana based on their prior Experiences or they had sold in the past. We don't even know why that confidential informant was in the house We don't even know if he ever saw a transaction And we don't even know how he would even know it was drugs now It says he was told that but again I'd ask the justices to go back and look at that affidavit because it's so unclear was he told it was rock cocaine by Sidney Thompson or Was it Sidney Thompson who had possession of the rock cocaine and someone else told him or was it Sidney Thompson who told? That it was rock cocaine, and there was a third party who was in possession of it. It's very very unclear With regards to well, I see that you're in the a rebuttal time you can keep going, but you're eating up your rebuttals, okay? Yeah, I'd like to save that Mr.. Walters Good morning your honors and may it please the court mr.. Shire Your honors, I think the clearest and legally appropriate route and affirmance in this case of judge shattered is the good-faith exception under United States versus Leon What we have is a presumption of good faith because they sought the warrant and so the question becomes Is it so plainly deficient that a reasonable officer could not rely upon the issuance of that search warrant and we suggest to the court no We have the defendant in his brief who has attempted to rely on three cases United States versus Owens United States versus Peck and United States versus Garcia And at least implicitly arguing that this court has found a materially similar warrant Insufficient in one of those three cases and we suggest that that is incorrect in the United States versus Garcia first of all this court Found that the warrant was sufficient I'll be it barely so in United States versus Oh in that case is clearly distinguishable from the warrant in this case because it contained no more than the bare-bones statement of a Confidential informant had been in the defendants residence three months earlier and purchased an amount of cocaine That was it and then in United States versus Peck You have the confidential informant who went before the judge who said nothing more than Mr. Peck was about ready to sell Cocaine based on information that she had observed two days earlier and she described him as a black male There were no efforts in Peck by the police to Corroborate and That and this court said in Peck that that compounded the lack of specificity what we have in this case Is not a bare-bones plainly deficient warrant. We have corroboration corroborative efforts by the police We have first-hand observations By a confidential informant and we have a short intervening period of at least 72 hours Which I understand there is no bright line rule federally. I think that is a common allegation That happens in state warrants within the state of Illinois Mr. Shire statement that everything else about this warrant is insufficient is just plainly Respectfully incorrect and so based on Leon alone. This court should affirm So are you you're you know that Leon is your fallback position, but your bottom line is you think this? Affidavit was sufficient. We do and it is barely sufficient just as it was in United States versus Garcia We this is not a model Affidavit by any means your honor What do you know about the confidential informant? I know nothing for instance the reason Was this a nail? I? really literally know nothing your honor because Since this is a four corners warrant, and they do not do anything. We don't know that that's I was just curious what? You know why the person was in the house? We don't know that it would be completely so the only the only history of this CI is that there was a previous? Marijuana Controlled by is that what it was there two things your honor one was a previous controlled by marijuana the second he it wasn't he or She was involved in a in a John or Jane Doe warrant That led to the arrest of another target or suspect based on controlled substance substances found in that and we don't know whether this CI was a buyer or Just an acquaintance somebody was in the house for other reasons. We don't know if it was buyer family member user Okay, co-distributor, and do you agree then that the quantity? Matters I I do your honor. I do agree that quantity matters. It should be specified or at least an estimate I think so in this court made that clear in Garcia that that is and I think judge shattered recognized that That that is something important that allows a court to determine whether as mr. Shire pointed out there's a reasonable probability that evidence of the crime will be present at the time that the search warrant is issued and quantity Does go? Towards that determination certainly, but what I would like to point out about that although quantity is material and And we support that conclusion by this court It is twice that he's there and it happens to be those times that there is Cocaine or suspected cocaine present, so it's not as if this is a one-time occurrence According to the confidential informant in this case So we would ask that the court affirm The district court on probable cause grounds as well as alternatively the lee on good faith and unless there are Questions from the court we would rest on our brief. There are no questions. Thank you. Thank you your honor Mr. Shire how much time? Three minutes Thank You judge with regards to mr. Walters Agreement with me that Garcia barely was approved by this court This affidavit as I started with my comments was below Garcia when you put them side-by-side In Garcia they said it was packaged here we have no idea How it was contained in Garcia They told you it was packaged in a plastic bag that gives you some idea of the amount in Garcia They told you it was in the living room in our case. We have no clue none whatsoever It says in an in and about the residence so that doesn't really tell us anything in Garcia He said he knew that it was Illegal drugs in our case. He's told that it's drugs in Garcia The officer claimed credibility because he had provided information to three arrests in our instance There's one arrest. There's one controlled by and one arrest and it was a John Doe warrant, but We don't even know if the information the confidential informant gave was related to the arrest and I give the example of well before you Do that counsel's basically conceded that this is a thin very thin affidavit and he's relying primarily on me well, when when you go to a good faith, I think you've got evidence of a rubber stamp when they when the Warrant or I'm sorry when the affidavit suggests that there were drug sales and there's nothing about amount the package the buyers to cash The weapons anything like that then you've got evidence of a rubber stamp and if this case is This affidavit is below Garcia This court's already warned that Garcia is barely and if this one comes in below Garcia, then no Reasonable officer could have thought that they had probable cause there's just simply nothing there. Thank you Thank you. Thank you both counsel. We'll take the case under advise